Lipscomb, <T.
The objection taken to the judgment of the court below and presented by the assignment of errors is, that the court had no right to require additional security for costs after the first rule had been complied with; and further, if it was competent for the court to have required such additional security, it could only have been done after notice to the party ami a satisfactory showing; to the court of the insufficiency of the security previously taken.
Yfe believe both objections are well taken. The law nowhere in terms, after a first rule for security for costs has been complied with, authorizes the clerk to call for additional security for costs. But if, from any supposed analogy to any other law, or from the general powers of the court, it could have been done, it could only be after notice to the plaintiff and a satisfactory showing to (.lie court that the security already given was insufficient; and in such a case the record should show that it was on notice and the grounds for requiring such additional security, neither of which is shown by the record. The court appears to have acted solely on the suggestion of the'clerk without requiring any evidence of the insufficiency of the security already given. It will appear by a reference to the record that the order was capriciously asked and inconsiderately allowed. The case had been a long time on the docket, but it does not appear to have been the fault of the plaintiff that it ivas so continued. And at (lie time immediately preceding the allowance of the order on which it was dismissed, the defendant obtained a continuance after paying all costs, which secured to the clerk all but the subsequent costs. The judgment must be reversed and the cause remanded.
Reversed and remanded.